

**In The**
**Court of Appeals**
**Sixth Appellate District of Texas at Texarkana**

_____

No. 06-12-00116-CR
_____

THE STATE OF TEXAS, Appellant

V.

JAMES ALLEN HUDDLESTON, Appellee

On Appeal from the 392rd Judicial District Court
Henderson County, Texas
Trial Court No. B-19,085

Before Morriss, C.J., Carter and Moseley, JJ.
Opinion by Justice Moseley

OPINION

The State of Texas appeals an order granting James Allen Huddleston's motion to suppress.[1] A "cooperating individual" provided Officer Greg Hill, a police officer with the Athens Police Department and assigned to the Henderson County Sheriff's Office, with a tip that Huddleston possessed anhydrous ammonia in an unapproved container in violation of Section 481.124 of the Texas Health and Safety Code. TEX. HEALTH & SAFETY CODE ANN. § 481.124 (West 2010). Officer Hill obtained a search warrant for Huddleston's residence and discovered a propane tank with bluing on the valve[2] and a small bag containing a trace of methamphetamine. Huddleston filed a motion to suppress alleging the probable cause affidavit failed to provide a substantial basis to determine probable cause existed. After a hearing, the trial court granted Huddleston's motion to suppress. The State has appealed and has raised two issues arguing that the affidavit contained sufficient facts for the magistrate to conclude probable cause existed and that the trial court erred in granting the motion.

The Fourth Amendment to the United States Constitution and Article I, Section 9 of the Texas Constitution guarantee the right of the people to be secure against unreasonable searches of their persons, house, papers, and effects. U.S. CONST. amend. IV; TEX. CONST. art. I, § 9. As

---

[1]Originally appealed to the Tyler Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (West 2005). We are unaware of any conflict between precedent of the Tyler Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]Officer Hill testified that such bluing indicates the propane tank contains ammonia. We presume the bluing is the result of corrosion or similar chemical reaction between the brass of the valve and the ammonia.

2

an exception to the general rule articulated in *Guzman*,[3] the issuing magistrate's decision to grant the search warrant should be reviewed with a deferential standard of review. *Swearingen v. State*, 143 S.W.3d 808, 811 (Tex. Crim. App. 2004). Granting deference to the issuing magistrate "encourage[s] police officers to use the warrant process rather than making a warrantless search and later attempting to justify their actions by invoking some exception to the warrant requirement." *Rodriguez v. State*, 232 S.W.3d 55, 59–60 (Tex. Crim. App. 2007). Great deference should be paid to a magistrate's determination of probable cause, and warrants should not thereafter be invalidated through "hypertechnical" interpretation of their supporting affidavits. *Illinois v. Gates*, 462 U.S. 213, 236 (1983). Affidavits for arrest or search warrants should be interpreted in a common sense and realistic manner. *Crider v. State*, 352 S.W.3d 704, 707 (Tex. Crim. App. 2011). Granting great deference to the issuing magistrate's determination, the appellate court will sustain the issuance of the warrant if the magistrate had a substantial basis for concluding that a search would uncover evidence of wrongdoing. *Gates*, 462 U.S. at 236; *see Swearingen*, 143 S.W.3d at 811.

Although we grant great deference to the determination of a magistrate issuing a warrant, we do not grant that same degree of deference to a reviewing trial court. A motion to suppress is normally reviewed based on a bifurcated standard which (1) grants deference to the trial court's determinations of historical facts that are based on an evaluation of credibility and (2) reviews de novo the trial court's application of the law. *State v. McLain*, 337 S.W.3d 268, 271 (Tex. Crim. App. 2011). "However, when the trial court is determining probable cause to support the

---

[3]The general rule is that probable cause determinations are reviewed de novo. *Guzman v. State*, 955 S.W.2d 85, 87 (Tex. Crim. App. 1997) (citing *Ornelas v. United States*, 517 U.S. 690 (1996)).

3

issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit." *Id.* Because probable cause to support the issuance of the warrant is determined from the "four corners" of the affidavit alone, there are no credibility choices to be made by the trial court and we review de novo the court's ruling. *McKissick v. State*, 209 S.W.3d 205, 211–12 (Tex. App.—Houston [1st Dist.] 2006, pet. ref'd); *Elardo v. State*, 163 S.W.3d 760, 765 (Tex. App.—Texarkana 2005, pet. ref'd); *Burke v. State*, 27 S.W.3d 651, 654 (Tex. App.—Waco 2000, pet. ref'd).

An application for a search warrant must be supported by an affidavit setting forth facts establishing probable cause. TEX. CODE CRIM. PROC. ANN. art. 1.06 (West 2005), art. 18.01(b) (West Supp. 2012). To justify the issuance of a search warrant, the supporting affidavit must set forth facts sufficient to establish probable cause:

> (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched.

TEX. CODE CRIM. PROC. ANN. art. 18.01(c) (West Supp. 2012). The facts contained in the probable cause affidavit must be sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. *State v. Delagarza*, 158 S.W.3d 25, 26 (Tex. App.—Austin 2005, no pet.). The determination of the sufficiency of an arrest or search warrant is limited to the four corners of the affidavit. *Crider*, 352 S.W.3d at 710. "The issue is not whether there are other facts that could have, or even should have, been included in

4

the affidavit; we focus on the combined logical force of facts that are in the affidavit, not those that are omitted from the affidavit." *Rodriguez*, 232 S.W.3d at 62.

The warrant must contain "sufficient information" to allow the issuing magistrate to determine probable cause because the magistrate's action "cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 238–39; *Kennedy v. State*, 338 S.W.3d 84, 92 (Tex. App.—Austin 2011, no pet.). As explained in *Wise v. State*:

> The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place.

*Wise v. State*, 223 S.W.3d 548, 556 (Tex. App.—Amarillo 2007, pet. ref'd).

Because of the potential unreliability of statements given by anonymous informants, the United States Supreme Court developed the *Aguilar-Spinelli* analysis, which required a two-pronged test: (1) the informant obtained the relevant information in a reliable manner; and (2) the informant was reliable. *See Gates*, 462 U.S. at 230. In response to "hypertechnical" interpretations of the *Aguilar-Spinelli* analysis, the United States Supreme Court subsequently relaxed the rigid standards of the *Aguilar-Spinelli* analysis to allow consideration of the totality of the circumstances. *See id.* Because the focus of inquiry is whether the statements are sufficiently reliable for a finding of probable cause, a deficiency in one of the two factors of reliability of the informant may not be fatal if the totality of the circumstances indicate reliability. *Id.* However, "an informant's 'veracity,' 'reliability' and 'basis of knowledge' are all highly relevant in determining the value of his report." *Id. Gates* merely held that a deficiency

5

could be "compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability. . . ." *Id.* at 233; *Elardo*, 163 S.W.3d at 767.

The affidavit in this case fails to provide any facts upon which the magistrate could conclude that the anonymous caller was reliable. The probable cause affidavit provides as follows, in pertinent part:

> Affiant Greg Hill is employed with the Athens Police Department and assigned to the Henderson County Sheriff's Office as a Narcotics Investigator. Affiant has conducted numerous narcotics investigations. On 07/21/2011 a cooperating individual advised Affiant that James Huddleston lives at the said suspected place. The cooperating individual advised Affiant that the cooperating individual did personally observe James Huddleston, W/M, in possession of Anhydrous Ammonia in an unapproved container inside the said suspected place within the last forty-eight (48) hours. The cooperating individual is familiar with Anhydrous Ammonia. The cooperating individual advised affiant that the Anhydrous Ammonia is being stored in a 25 gallon propane tank. Based on Affiant's training and experience, affiant knows that a propane tank is rated at 240 psi and Anhydrous Ammonia requires a 480 psi rating. The cooperating individual has provided Affiant with an audio taped statement in regards to this information and is willing to testify. Affiant has records which show that James Huddleston has been arrested for Possession of Controlled Substance charges in Henderson County in the past.

The affidavit does not mention any independent corroboration or other indicia of reliability. Although, as argued by the State, the issuing magistrate could have reasonably inferred that the informant's name was known to the police, that fact is insufficient, by itself, to establish reliability.[4]

---

[4]*See Esco v. State*, 668 S.W.2d 358, 360–61 (Tex. Crim. App. [Panel Op.] 1982) (presumption of reliability requires (1) "a named informant" and (2) "whose only contact with the police is a result of having witnessed a criminal act committed by another, the credibility and reliability of the information is inherent."); *Morris v. State*, 62 S.W.3d 817, 824 (Tex. App.—Waco 2001, no pet.); *cf. State v. Duarte*, No. PD-1511-11, 2012 Tex. Crim. App. LEXIS 1180 (Tex. Crim. App. Sept. 12, 2012) (known confidential informant does not qualify as citizen informer).

The State argues that the lack of reliability is not fatal because the "cooperating individual" was a citizen informant. As noted above, the *Aguilar-Spinelli* test, as modified by *Gates*, was developed to address concerns with anonymous tips. A named informant, whose only contact with the police is a result of having witnessed a criminal act committed by another, is considered inherently reliable. *See Elardo*, 163 S.W.3d at 769; *Morris*, 62 S.W.3d at 824. The Texas Court of Criminal Appeals has recently confirmed that confidential informants are not considered citizen informants. *Duarte*, 2012 Tex. Crim. App. LEXIS 1180, *16. The court observed:

> The citizen-informer is presumed to speak with the voice of honesty and accuracy. The criminal snitch who is making a *quid pro quo* trade does not enjoy any such presumption; his motive is entirely self-serving.
>
> . . . .
>
> Citizen informants are considered inherently reliable; confidential informants are not.

*Id.* at **15–16 (citations omitted) (footnotes omitted). The State argues that because the informant in this case is not anonymous and is not a "confidential informant," the "cooperating individual" is a citizen informant.

The State argues that the use of the term "cooperating individual" is sufficient to conclude that the informant was a citizen informant. In essence, the State argues we should presume an unnamed individual qualifies as a citizen informant unless the probable cause affidavit provides otherwise.[5] The law does not authorize such a presumption. Other than use of

---

[5]We note that the State also argues we should consider Officer Hill's testimony at the hearing that the informant was not a confidential informant. The probable cause affidavit cannot normally be supplemented with additional

the term "cooperating individual," the warrant does not contain any facts that support such a conclusion. The term itself does not establish that the informant is a private citizen without prior contact with the police. In fact, the term "cooperating" could reasonably refer to a criminal making a *quid pro quo* trade.

Whether an informant is a citizen informant must be established by the facts contained in the four corners of the affidavit—including whether the source had prior contact with the police. *Elardo*, 163 S.W.3d at 771–72 & n.14 (op. on reh'g) (refusing to consider facts not in four corners of probable cause affidavit); *see Duarte*, 2012 Tex. Crim. App. LEXIS 1180, at *31 (basis for determining informant's reliability "must be demonstrated within the four corners of the affidavit"). Because the affidavit fails to specify that the informant has not had prior contact with the police, it fails to support a conclusion that the informant was a citizen informant.

The affidavit does not contain any corroboration[6] of the informant's information or other indicia of reliability. As noted by Huddleston, the declarations were not against the informant's

---

information not contained in the affidavit. *Elardo*, 163 S.W.3d at 771; *see Lowery v. State*, 98 S.W.3d 398, 400 (Tex. App.—Amarillo 2003, no pet.); *Flores v. State*, 888 S.W.2d 193, 197 (Tex. App.—Houston [1st Dist.] 1994, pet. ref'd); *but see Rogers v. State*, 291 S.W.3d 148, 153 (Tex. App.—Texarkana 2009, pet. ref'd) (recognizing limited exception to four corners rule for location of search). We are prohibited from considering Officer Hill's testimony at the hearing and are confined to the four corners of the affidavit. Further, we note that the defense introduced evidence at the hearing that the "cooperating individual" has a criminal history.

[6]One method police can use to provide other indicia of reliability is independent corroboration of the informant's information. *See Gates*, 462 U.S. at 236; *Cassias v. State*, 719 S.W.2d 585, 590 (Tex. Crim. App. 1986). "Corroboration by the police officer means that, in light of the circumstances, the officer confirms enough facts to reasonably conclude that the information provided is reliable and a detention is justified." *Jones v. State*, 949 S.W.2d 509, 515 (Tex. App.—Fort Worth 1997, no pet.). Except for accurate predictions of future movements of a suspect, corroboration of mere innocent details is insufficient—the independent corroboration by the police must establish that the anonymous tip is "reliable in its assertion of illegality." *Gilmore v. State*, 323 S.W.3d 250, 258 (Tex. App.—Texarkana 2010, pet. ref'd); *cf. Duarte*, 2012 Tex. Crim. App. LEXIS 1180 (corroboration of address insufficient). The State does not argue any independent corroboration of the tip provided additional indicia of reliability.

8

own penal interest.[7]   It also does not specify that the informant has given reliable credible information in the past.[8]  *Gates* suggests that a deficiency in one of the factors may not be fatal if the totality of the circumstances indicate reliability.  *Gates*, 462 U.S. at 230.  *Gates*, though, does not remove the requirement of reliability.

We further note that the veracity and basis of knowledge of the informant's tip is deficient.  As argued by Huddleston, the affidavit does not specify how the informant knew the propane tank contained anhydrous ammonia.[9]  Was the container leaking and the informant recognized the odor of ammonia?  Even so, how did the informant know it was anhydrous ammonia rather than just ammonia?  Did the informant take a sample back to his private chemistry laboratory to conduct a chemical analysis?  Or did Huddleston admit that the tank contained anhydrous ammonia?  Although the informant claimed personal knowledge, the informant fails to explain how he learned what was contained in the propane container.  The probable cause affidavit fails to establish the veracity or basis of knowledge of the informant's conclusion that the tank contained anhydrous ammonia.

---

[7]A named informant's declarations against the informant's own penal interest may be used to corroborate the reliability of information in an affidavit.  *Abercrombie v. State*, 528 S.W.2d 578, 583–85 (Tex. Crim. App. 1974) (op. on reh'g); *Gilmore*, 323 S.W.3d at 263.

[8]Another indicia of reliability is whether the informant has given reliable, credible information in the past.  *See Torres v. State*, 552 S.W.2d 821, 824 (Tex. Crim. App. 1977); *State v. Hill*, 299 S.W.3d 240, 244 (Tex. App.— Texarkana 2009, no pet.).

[9]We note that at the suppression hearing, Officer Hill testified that the propane tank contained bluing indicating the presence of ammonia.  Officer Hill testified that he did not know "whether [he] w[as] going to find propane bottles with blueing [sic] around them or not."

The affidavit contained insufficient particularized facts to allow the magistrate to determine that probable cause existed.[10] The four corners of the affidavit fail to contain sufficient facts for the magistrate to conclude that the "cooperating individual" was a citizen informer without prior police contact. Similar to *Duarte*, the probable cause affidavit in this case fails to establish either the reliability or the veracity of the unnamed "cooperating individual."

No effort was made to compensate for these deficiencies, i.e., the affidavit does not contain any other indicia of reliability, such as corroboration or prior reliable information. Although *Gates* permits consideration of other indicia of reliability, *Gates* still requires a substantial basis to conclude probable cause exists. *Gates* merely held that a deficiency could be "compensated for, in determining the overall reliability of a tip, by a strong showing as to the other, or by some other indicia of reliability. . . ." *Gates*, 462 U.S. at 233.

Even giving great deference to the issuing magistrate, a substantial basis does not exist, under the totality of the circumstances, for the issuing magistrate to have determined probable cause existed. We agree with the trial court that the results of the search should have been excluded.[11] *See Mapp v. Ohio*, 367 U.S. 643, 655 (1961); TEX. CODE CRIM. PROC. ANN. art. 38.23. The trial court correctly granted Huddleston's motion to suppress.

---

[10]The magistrate's determination "cannot be a mere ratification of the bare conclusions of others." *Gates*, 462 U.S. at 239; *Gilmore*, 323 S.W.3d at 261. The fact that a police officer believes the tip to be true is insufficient to establish reliability. *Duarte*, 2012 Tex. Crim. App. LEXIS 1180, at *30 n.46 ("affiant's vouching statement . . . does nothing to establish the reliability of the informant"). "An officer's inarticulate hunch, suspicion, or good faith is insufficient to constitute probable cause." *Wiede v. State*, 157 S.W.3d 87, 95 (Tex. App.—Austin 2005, pet. ref'd) (citing *Brown v. State*, 481 S.W.2d 106, 110 (Tex. Crim. App. 1972)).

[11]The good-faith exception contained in Article 38.23 of the Texas Code of Criminal Procedure is more limited than its federal counterpart. TEX. CODE CRIM. PROC. ANN. art. 38.23 (West 2005). Article 38.23 requires that the officer have acted upon "a warrant . . . based on probable cause." *Id.* If the search warrant was not based upon facts

For the reasons stated, we affirm.


Bailey C. Moseley
Justice

Date Submitted:     November 16, 2012
Date Decided:       November 21, 2012

Publish

---

sufficient to create probable cause, Article 38.23 requires the evidence to be excluded regardless of whether the police officer reasonably believed the warrant was valid and acted upon it in good faith. *See Curry v. State*, 808 S.W.2d 481, 482 (Tex. Crim. App. 1991); *Carroll v. State*, 911 S.W.2d 210, 223 (Tex. App.—Austin 1995, no pet.); *see Wilson v. State*, 311 S.W.3d 452, 465 (Tex. Crim. App. 2010); *State v. Rodriguez*, No. 12-10-00118-CR, 2011 Tex. App. LEXIS 3949 (Tex. App.—Tyler May 25, 2011, pet. ref'd) (mem. op., not designated for publication). Because the probable cause affidavit failed to provide a substantial basis to conclude probable cause existed, Article 38.23 requires the evidence to be excluded. *See* TEX. CODE CRIM. PROC. ANN. art. 38.23.

11