ACCEPTED
06-14-00159-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
4/11/2015 6:33:02 PM
DEBBIE AUTREY
CLERK

**Nos. 06-14-00159-CR; and 06-14-00160-CR**

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS

4/13/2015 9:07:00 AM

DEBBIE AUTREY
Clerk

# IN THE COURT OF APPEALS
# FOR THE SIXTH DISTRICT OF TEXAS AT TEXARKANA

## THOMAS LLOYD TAUNTON
## Appellant

**v.**

## THE STATE OF TEXAS
## Appellee

ON APPEAL FROM THE 336TH JUDICIAL DISTRICT COURT OF FANNIN
COUNTY, TEXAS
THE HON. LAURINE BLAKE, JUDGE PRESIDING
TRIAL COURT CAUSE NOS. CR-12-24098, CR-13-24755

## APPELLANT'S BRIEF

*Oral argument is hereby waived*

**STEVEN R. MIEARS**
State Bar No. 14025600
211 North Main
Bonham, Texas 75418
Tel: 903-640-4963
Fax: 903-640-4964
Email: SteveMiears@msn.com

# TABLE OF CONTENTS

TABLE OF CONTENTS ................................................................ …..2

IDENTITY OF PARTIES AND COUNSEL………………………………………..3

INDEX OF AUTHORITIES………………………………………………........4

STATEMENT OF THE CASE …………………………………………………7

STATEMENT REGARDING ORAL ARGUMENT……………………………... 7

ISSUES PRESENTED.............................................................................. 8

STATEMENT OF FACTS………………………………………………….. 8

SUMMARY OF APPELLANT'S ARGUMENT………………………………… 9

ISSUE ONE:Did the trial court err in denying the Appellant's motion to suppress?  9

ARGUMENTS AND AUTHORITIES ……………………………… ………….10

PRAYER..................................................................................... 19

CERTIFICATE OF WORD COUNT  ..........................................................21

CERTIFICATE OF SERVICE ……………………………………………………21

APPENDIX ONE: MOTION TO SUPPRESS

APPENDIX TWO: AFFIDAVITS AND WARRANTS

APPENDIX THREE: WARRANT RETURNS/LAB SHEETS

## Identity of Parties and Counsel

Pursuant to the Rules of Appellate Procedure, the following is a complete list of the names and addresses of all parties to the trial court's final judgments and their counsel in the trial court, as well as appellate counsel, so the members of the court may at once determine whether they are disqualified to serve or should recuse themselves from participating in the decision of the cases and so the Clerk of the Court may properly notify the parties to the trial court's final judgments or their counsel, if any, of the judgments and all orders of the Court of Appeals.

Trial Court ................... **HONORABLE JUDGE LAURINE BLAKE 336TH JUDICIAL DISTRICT COURT,**

Appellant ....................... **THOMAS LLOYD TAUNTON**
**William P. Clements Unit**
**9601 Spur 591**
**Amarillo, TX 79107-9606**

**Steven R. Miears (Counsel on Appeal)** SBN 14025600
211 North Main
POB 736
Bonham, Texas 75418
903 640 4963 fax: 903 640 4964
SteveMiears@msn.com

Appellee....................................... THE STATE OF TEXAS

**Richard E. Glaser** SBN 08000000
Criminal District
Attorney 101 East Sam
Rayburn Drive Bonham,
Texas 75418

# INDEX OF AUTHORITIES

## Statutes, Codes, Constitutional Provisions, and Rules

US Const. Amend. 4. …………………………………………………….10

Tex. Const. Art. I, § 9………………………………………………………..10

Tex. Code Crim. Proc. art. 38.23 ……………………………………………10

## Cases

*Arizona v. Gant,* 556 U.S. 332 (U.S. 2009). . ………………………………….16

*Delgado v. State,* 718 S.W.2d 718 (Tex. Crim. App. 1986)……………………… 18

*Florida v. Wells,* 495 U.S. 1 (1990)………………………………………………...18

*Gutierrez v. State,* 221 S.W.3d 680 (Tex. Crim. App. 2007)………………………….16

*Illinois v. Gates,* 462 U.S. 213 (U.S. 1983)……………………………………… 11

*Miller v. State,* 393 S.W.3d 255 (Tex. Crim. App. 2012)……………………………17

*Moskey v. State,* 333 S.W.3d 696 (Tex. App. Houston 1st Dist. 2010)………………18

*Richards v. State,* 150 S.W.3d 762(Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) .18

*South Dakota v. Opperman,* 428 U.S. 364 (1976)…………………………………..18

*State v. Huddleston,* 387 S.W.3d 33 (Tex. App. Texarkana 2012)……………………..11

*Trujillo v. State,* 952 S.W.2d 879 (Tex. App.—Dallas 1997, no pet.)…………………..18

*Uballe v. State,* 439 S.W.3d 380(Tex. App.—Amarillo 2014, pet. ref'd). ……………... 18

**IN THE COURT OF APPEALS
FOR THE SIXTH DISTRICT OF TEXAS AT TEXARKANA**

**THOMAS LLOYD TAUNTON
Appellant
v.
THE STATE OF TEXAS
Appellee**

ON APPEAL FROM THE 336TH JUDICIAL DISTRICT COURT OF FANNIN COUNTY, TEXAS
THE HON. LAURINE BLAKE, JUDGE PRESIDING
TRIAL COURT CAUSE NOS. CR-12-24098; CR-13-24755

**APPELLANT'S BRIEF**

**TO THE HONORABLE COURT OF APPEALS FOR THE SIXTH DISTRICT OF TEXAS.**

COMES NOW, THOMAS LLOYD TAUNTON, Appellant, in the above styled and numbered causes, by and through Steven R. Miears, his undersigned attorney of record, and files this Brief on Appeal, and requests that the Court sustain his points of error, render judgments of acquittal; or, alternatively, reverse the judgments, and remand the cases for a new trial. The Clerk's record in the capital murder case will be referenced as "CRCM". The Clerk's record in the

murder case will be referenced as "CRM". The reporter's record will be referenced as "RR".

## STATEMENT OF THE CASE

These two cases are appeals of convictions by a jury of the Appellant for the charges of capital murder and murder. The State did not seek the death penalty in the capital murder case. (CRCM pp. 51-52) The Appellant was sentenced to life without parole on the capital murder case, (CRCM p. 157) and to life in prison on the murder case. (CRM p 134) The cases were consolidated for trial. (CRCM pp. 130 – 131) (CRM pp. 102 – 103) The issue on appeal is the same in both cases.

## STATEMENT REGARDING ORAL ARGUMENT

Oral argument is not requested.

## ISSUE PRESENTED

ISSUE:     Did the trial court err in denying the Appellant's motion to suppress?

## STATEMENT OF FACTS

After the jury was selected the trial court heard the Appellant's motion to suppress evidence filed in both cases. (CRCM pp 104- 127) (CRM pp. 76 – 99) (RR Vol. 3 pp. 6 – 13.) (RR Volume 12 at Reporter's Record Exhibit 2) (*Also see* RR Vol. 3 pp. 110 – 115 in regards to marking of complete copies of exhibits marked as R-2 and granting of a continuing objection.) The motion raised the constitutional issue that the affidavits supporting the warrants for the searches of the Appellant's truck, trailer and rental car in Louisiana did not state sufficient information for the issuing magistrate to find probable cause. At the hearing both sides waived the presentation of any testimony concerning the issue, and agreed that the issue was confined to an analysis of the four corners of the affidavits. (RR Vol. 2 p. 13)

The court denied the motion. (RR Vol. 3 p. 13) A copy of the motion to suppress is attached as Appendix 1. The affidavits and search warrants are attached as Appendix 2. The exhibits identifying the items seized are attached as Appendix 3. The Appellant requested findings of fact and conclusions of law. (CRCM p. 180 – 181) (CRM p. 164 - 165) The State drafted proposed findings of fact and conclusions of law. (CRCM pp. 189 – 190.) (CRM 167 – 169.) The trial court adopted *in toto* those requests and conclusions. (CRCM p. 192) (CRM p. 171)

## SUMMARY OF APPELLANT'S ARGUMENTS

The trial court erred in denying the motion to suppress. The affidavits supporting the search warrants did not state facts sufficient to establish probable cause. Specifically, they lacked any information to form the basis to believe: (1) that the offenses of capital murder or murder had been committed; or, (2) that the items which were to be searched for constituted evidence of those offenses or evidence that Appellant had committed those offenses; or, (3) that the items to be searched for were likely to be found in the Appellant's pickup truck, trailer, or rental car.

The State's alternative argument that the searches were lawful as warrantless searches also fails. The Appellant was under arrest at the time the vehicles and trailer were searched, and not in a position to pose any threat to officers. Further, no evidence was presented which gave the trial judge any reason to conclude that the officers had any reason to believe that the truck, trailer or car contained evidence of a crime. The trial court's written finding of fact to the contrary is not supported by any evidence, and on appeal should be disregarded. No evidence was presented that any exigency existed necessitating the searches. And, finally, no evidence was presented that the searches were justified as inventory searches.

**ISSUE ONE:** Did the trial court err in denying the Appellant's motion to suppress?

# ARGUMENT & AUTHORITIES

The constitution of the United States guarantees that, "The right of the people to be secure in their persons, houses, papers, and effects, against unreasonable searches and seizures, shall not be violated, and no Warrants shall issue, but upon probable cause, supported by Oath or affirmation, and particularly describing the place to be searched, and the persons or things to be seized." US Const. Amend. 4. Similarly, the Texas constitution states that, "The people shall be secure in their persons, houses, papers and possessions, from all unreasonable seizures or searches, and no warrant to search any place, or to seize any person or thing, shall issue without describing them as near as may be, nor without probable cause, supported by oath or affirmation." Tex. Const. Art. I, § 9.

The Texas Code of Criminal Procedure corrects violations of those laws by mandating that, "No evidence obtained by an officer or other person in violation of any provisions of the Constitution or laws of the State of Texas, or of the Constitution or laws of the United States of America, shall be admitted in evidence against the accused on the trial of any criminal case." Tex. Code Crim. Proc. art. 38.23. Similarly, the U.S. Supreme Court has held that, "all evidence obtained by searches and seizures in violation of the Constitution is, by that same authority, inadmissible in a state court." *Mapp v. Ohio,* 367 U.S. 643, 655 (U.S. 1961).

For a search warrant to be legally issued an affidavit must provide the magistrate with a substantial basis for determining the existence of probable cause. Wholly conclusory statements are insufficient. Such "bare bones" affidavits fail constitutional scrutiny. The magistrate's signature is not to be a rubber stamp of the summary conclusions of others. As stated by the U.S. Supreme Court, "In order to ensure that such an abdication of the magistrate's duty does not occur, courts must continue to conscientiously review the sufficiency of affidavits on which warrants are issued." *Illinois v. Gates,* 462 U.S. 213, 239 (U.S. 1983).

In *State v. Huddleston,* 387 S.W.3d 33, 36-37 (Tex. App. Texarkana 2012), this Court reviewed the law on the requirements of a search warrant affidavit. This Court wrote:

> Although we grant great deference to the determination of a magistrate issuing a warrant, we do not grant that same degree of deference to a reviewing trial court. A motion to suppress is normally reviewed based on a bifurcated standard which (1) grants deference to the trial court's determinations of historical facts that are based on an evaluation of credibility and (2) reviews de novo the trial court's application of the law. However, when the trial court is determining probable cause to support the issuance of a search warrant, there are no credibility determinations, rather the trial court is constrained to the four corners of the affidavit. Because probable cause to support the issuance of the warrant is determined from the "four corners" of the affidavit alone, there are no credibility choices to be made by the trial court and we review *de novo* the court's ruling. (Internal citations omitted.)

An application for a search warrant must be supported by an affidavit setting forth facts establishing probable cause. To justify the issuance of a search warrant, the supporting affidavit must set forth facts sufficient to establish probable cause: (1) that a specific offense has been committed, (2) that the specifically described property or items that are to be searched for or seized constitute evidence of that offense or evidence that a particular person committed that offense, and (3) that the property or items constituting evidence to be searched for or seized are located at or on the particular person, place, or thing to be searched. The facts contained in the probable cause affidavit must be sufficient to justify a conclusion that the object of the search is probably on the premises at the time the warrant is issued. The determination of the sufficiency of an arrest or search warrant is limited to the four corners of the affidavit. The issue is not whether there are other facts that could have, or even should have, been included in the affidavit; we focus on the combined logical force of facts that are in the affidavit, not those that are omitted from the affidavit. (Internal citations omitted.)

The warrant must contain "sufficient information" to allow the issuing magistrate to determine probable cause because the magistrate's action cannot be a mere ratification of the bare conclusions of others. As explained in Wise v. State: The task of the issuing magistrate is simply to make a practical, common-sense decision whether, given all the circumstances set forth in the affidavit, including the "veracity" and "basis of knowledge" of persons supplying hearsay information, there is a fair probability that contraband or evidence of a crime will be found in a particular place. (Internal citations omitted.)

*State v. Huddleston,* 387 S.W.3d 33, 36-37 (Tex. App. Texarkana 2012).

The affidavits in support of the search warrants set forth the following:

1. One affiant was a peace officer with the DeSoto Parish Sheriff's office for the State of Louisiana. The other affiant was a Texas Ranger. On January 18, 2012, Ranger

Oliver began investigating the complaint(s) that Harold Harpst, Willis Sue Harpst and Regina Taunton were murdered in Fannin County, Texas.

2. On January 18, 2012, a justice of the peace in Texas had issued a warrant for the arrest of Appellant for capital murder.

3. On January 19, 2012, United States Marshals Service personnel in Shreveport, Louisiana received information that Thomas Taunton was wanted by Texas authorities for Capital Murder, and that he was possibly traveling through Louisiana *en route* to Mississippi.

4. Marshals Service personnel notified law enforcement agencies throughout Louisiana to be on lookout for Taunton who was possibly traveling in a white Ford pickup truck pulling a trailer.

5. Appellant was located and arrested at the Jimmy Granger Ford Automobile Dealership in Stonewall, DeSoto Parish Louisiana.

6. Law enforcement officers found a white Ford pickup truck and a box trailer, both registered to Thomas Taunton of Leonard, Texas at the dealership.

7. On January 18, 2012, Taunton had driven his Ford pickup truck to Jimmy Granger Ford where he had left it to be repaired.

8. Jimmy Granger Ford personnel had loaned Taunton a passenger vehicle to use while his truck was being repaired.

9. Prior to requesting the warrants, law enforcement officers had towed Appellant's truck and trailer to a locked storage building.

The affidavits also contained the statement that Ranger Oliver had, "obtained overwhelming evidence and information that Thomas Taunton was the one who murdered them." No facts were given to back this statement up. Based upon only these "bare bone" assertions, and a wholly conclusory statement, a district judge presiding over the 42nd Judicial District Court, Webster Parish, Louisiana, issued search warrants for Appellant's truck, trailer, and rental car. The affidavits fail all three requirements identified in *Huddleston*. At the hearing on the motion to suppress, even the prosecutor conceded that the affidavit suffered from the fatal moniker of being a "bare bones" affidavit. (RR Vol. 3 p. 11)

First, no facts were set forth as to why the magistrate should have believed that Harold Harpst, Sue Harpst, or Regina Taunton had been murdered. Only conclusory statements were given that their murders were being investigated. No information was given as to why it should be believed that they were deceased, or even that they were missing. No information is given to indicate why it should be believed that they were the victims of homicides. No information is given as to why Appellant was a suspect. Second,

the affidavits described eleven categories of items sought, including blood, firearms, clothing, cleaning supplies, carpet, check books, cell phones, credit and debit cards, and documents showing where Appellant spent the night of January 18, 2012, and, generally "any unknown item(s) of evidentiary importance." No facts whatsoever were given which described how or why any of these items sought might constitute evidence of a crime. Third, no facts are given as to why it could be believed that Appellant's truck, trailer, or rental vehicle might contain any of the items to be searched for.

The affidavits' assertion that a Texas judge had already issued a warrant for Appellant's arrest did not provide any basis to conclude that evidence of a crime was likely to be found in his truck or trailer. The affidavit supporting the arrest warrant, assuming there was one, was not attached to these search warrant affidavits. And, whatever facts which may have been set forth in the arrest warrant affidavit were unknown to the magistrate reviewing the affidavits for the search warrants.

Conceding that the validity of the search warrants was problematic, the State suggested during its argument at the suppression hearing that the searches were nevertheless valid as warrantless searches incident to Appellant's arrest. (RR Vol. 3 pp. 10-11) This rationale was parroted in finding of fact number 4, which was authored by the State, and embraced *in toto* by the trial court: "Officers also properly searched the truck and trailer because at the time of arrest, they had reason to believe the truck and trailer contained evidence of the offense for which the defendant was arrested." (CRCM p.

190) (CRM p. 168) The law applicable to warrantless searches of vehicles, however, states that the State bears the burden of proving the existence of an exception to the warrant requirement. *See Gutierrez v. State,* 221 S.W.3d 680, 685 (Tex. Crim. App. 2007). Nothing in the record factually supports a finding that the State met this burden.

Absolutely no testimonial evidence supporting an exception to the requirement of a warrant was ever presented at the hearing. The issue of the legality of the searches was submitted to the court solely upon the question of the validity of the affidavits to support the warrants. Only in argument to the court did the State propose the idea of the searches being valid as warrantless searches. At the hearing, the prosecution suggested to the court that the law of *Arizona v. Gant,* 556 U.S. 332, 338, 129 S. Ct. 1710, 173 L. Ed. 2d 485 (2009) was applicable.

In fact, what the Court held in *Gant,* does not support the State's contention. In *Gant* the Court held that, "Police may search a vehicle incident to a recent occupant's arrest only if the arrestee is within reaching distance of the passenger compartment at the time of the search or it is reasonable to believe the vehicle contains evidence of the offense of arrest. When these justifications are absent, a search of an arrestee's vehicle will be unreasonable unless police obtain a warrant or show that another exception to the warrant requirement applies." *Arizona v. Gant,* 129 S. Ct. 1710, 1723-1724 (U.S. 2009).

No facts were submitted at the hearing to support any reason to believe that there was any evidence associated with the crimes to be found in any of the vehicles. Also, there were no facts admitted into evidence showing that the Appellant had been a recent occupant of either the vehicle or the trailer at the time of the searches. Nor was there any evidence that he was inside either of the vehicles or the trailer at the time of the arrest. In fact, the affidavits make it clear that prior to them being searched both the pickup truck and the trailer were moved by law enforcement from the dealership to a secure storage facility. (*See* affidavits' in their concluding paragraphs.) In fact, the trial court made a finding of fact that, "At the time of the search, the defendant was in custody and did not have access to or possession of the truck." (See finding number 6, CRCM p. 189 and finding number 6 CRM p. 167.) The affidavits do clearly state that the truck and trailer were towed to a secure storage garage after Appellant's arrest, and prior to the warrants being sought. There is no evidence to support the contention that these were lawful warrantless searches.

The trial court's finding of as a historical fact that the officers "had reason to believe the truck and trailer contained evidence of the offense for which the defendant was arrested" is, therefore, inconsistent with the record. On appeal, findings should be disregarded when they are unsupported by the record, even when that record is viewed in a light most favorable to the trial court's ruling. *See Miller v. State,* 393 S.W.3d 255, 263 (Tex. Crim. App. 2012). Such is the case here.

Nor could the searches be justified as lawful inventory searches. The State bears the burden of proving that an impounding of the vehicles occurred, and the subsequent inventory searches were lawful. *Delgado v. State,* 718 S.W.2d 718, 721 (Tex. Crim. App. 1986); *Moskey v. State,* 333 S.W.3d 696 (Tex. App. Houston 1st Dist. 2010). To satisfy this burden it was incumbent upon the State to prove that the vehicles and trailer had been in fact impounded, and inventoried pursuant to standardized criteria or an established policy. *South Dakota v. Opperman,* 428 U.S. 364, 372, 96 S. Ct. 3092, 49 L. Ed. 2d 1000 (1976); *Trujillo v. State,* 952 S.W.2d 879, 882 (Tex. App.—Dallas 1997, no pet.); *Moskey id.,* at 700.

An inventory search must be designed to produce an inventory of the vehicle's contents and must not be a "ruse for a general rummaging in order to discover incriminating evidence." *Florida v. Wells,* 495 U.S. 1, 4, 110 S. Ct. 1632, 109 L. Ed. 2d 1 (1990); *see also Richards v. State,* 150 S.W.3d 762, 771 (Tex. App.—Houston [14th Dist.] 2004, pet. ref'd) (en banc). "The individual police officer must not be allowed so much latitude that inventory searches are turned into 'a purposeful and general means of discovering evidence of crime." *Uballe v. State,* 439 S.W.3d 380, 384 (Tex. App.—Amarillo 2014, pet. ref'd) (quoting Wells, 495 U.S. at 4).

Here, no evidence was admitted to establish that the vehicles and trailer had been impounded. According to the affidavits they had been moved to a locked storage facility. However, they were not searched until after the warrants had been signed. No evidence

was admitted to show that it was necessary to inventory the vehicles. No evidence was admitted that there was an inventory policy or procedure, or that it was followed. These were not inventory searches. No argument at the hearing was made that these were inventory searches.

In conclusion, the trial court should have granted the motion. The items seized should have never been seen by the jury, or discussed in their presence. The results of any testing of that evidence should have likewise been excluded. The significance of the evidence should not have been argued to the jury. The effect of this pre-trial ruling on the mind-set of the Appellant to absent himself from most of the proceedings, only to appear and decide to testify, can't be conjured by analysis of the other evidence. And, without entering the conscious and sub-conscious minds of each juror, it cannot be said that, beyond a reasonable doubt, this evidence did not in some way contribute to the verdicts.

**Prayer**

WHEREFORE, PREMISES CONSIDERED, APPELLANT PRAYS that this Court sustain the Appellant's point of error, find the error was not harmless beyond a reasonable doubt, reverse the convictions, and remand these cases to the trial court for a new trial on guilt or innocence.

RESPECTFULLY SUMITTED,

_____
**Steven R. Miears**
211 North Main
Bonham, Texas 75418
eMail:
stevemiears@msn.com
Tel. 903-640-4963
Fax: 903-640-4964
State Bar Card No. 14025600

Lawyer for Appellant

**Certificate of Word Count**

Counsel for the Appellant certifies that the word count of this brief is 3,929 words and within the limitations for length of briefs on appeal.

_____
Steven R. Miears

**Certificate of Service**

This is to certify that a true and correct copy of the above and foregoing Appellant's Brief on Appeal was hand-delivered to Richard E. Glaser, Fannin County Criminal District Attorney; 101 East Sam Rayburn Drive; Bonham, Texas 75418; on February 12, 2015; and, that a copy was mailed to the Appellant,.

_____
Steven R. Miears