ACCEPTED
06-14-00239-CR
SIXTH COURT OF APPEALS
TEXARKANA, TEXAS
10/2/2015 2:01:22 PM
DEBBIE AUTREY
CLERK

# IN THE COURT OF APPEALS FOR THE
## SIXTH DISTRICT OF TEXAS AT TEXARKANA

FILED IN
6th COURT OF APPEALS
TEXARKANA, TEXAS
10/2/2015 2:01:22 PM
DEBBIE AUTREY
Clerk

**MARK EUGENE ENGLE**
APPELLANT

§
§
v. §     **Nos.**    **06-14-00239-CR**
§
§
**THE STATE OF TEXAS,** §
_APPELLEE §

---

## STATE'S BRIEF

---

ON APPEAL FROM THE 354th DISTRICT COURT
HUNT COUNTY, TEXAS
TRIAL COURT CAUSE NUMBER 29,110
THE HONORABLE RICHARD A. BEACOM, JR., JUDGE PRESIDING

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas

**STEVEN LILLEY**
Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX     75403
(903) 408-4180
FAX (903) 408-4296
State Bar No. 24046293

# TABLE OF CONTENTS

TABLE OF CONTENTS .................................................................... 2

INDEX OF AUTHORITIES ............................................................. 3

SUMMARY OF THE STATE'S ARGUMENT ................................ 5

ARUGUMENT ................................................................................6

PRAYER.......................................................................................17

CERTIFICATE OF SERVICE.........................................................17

CERTIFICATE OF COMPLIANCE..................................................18

# INDEX OF AUTHORITIES

**CASES**

<u>FEDERAL</u>

<u>Franks v. Delaware</u>, 438 U.S. 154, 98 S.Ct. 2674 (1978)..............................13-16

<u>Illinois v. Gates</u>, 462 U.S. 213, 103 S.Ct. 2317 (1983).........................................10

<u>TEXAS</u>

<u>Brown v. State</u>, 115 S.W.3d 633

    (Tex. App. Waco 2003, no pet.)....................................................................9

<u>Darcy v. State</u>, 728 S.W.2d 772 (Tex. Crim. App. 1988)..............................14, 16

<u>Gibbs v. State</u>, 819 S.W.2d 821 (Tex.Crim.App.1991).......................................9

<u>Hennessy v. State</u>, 660 S.W.2d 87 (Tex. Crim. App. 1983)....................10, 14, 16

<u>Marquez v. State</u>, 725 S.W.2d 217 (Tex.Crim.App.1987)..................................10

<u>Melton v. State</u>, 750 S.W.2d 281

    (Tex. App. Waco 1988, no pet.)..................................................................14

<u>State v. Duarte</u>, 389 S.W.3d 349 (Tex. Crim. App. 2012)..................................10

<u>State v. Huddleston</u>, 387 S.W.3d 33

    (Tex. App. Texarkana 2012, pet. ref'd).......................................................9

**STATUTES**

Texas Code of Crim. Pro. Art. 18.01(b)..................................................................9

# IN THE COURT OF APPEALS FOR THE
# SIXTH DISTRICT OF TEXAS AT TEXARKANA

**MARK EUGENE ENGLE**

    APPELLANT            §

                       §

         v.                  §       **No. 06-14-00239-CR**

                       §

**THE STATE OF TEXAS,**       §

    APPELLEE            §

---

## STATE'S BRIEF

---

TO THE HONORABLE COURT OF APPEALS:

NOW COMES the STATE OF TEXAS, Appellee, in this appeal from Cause No. 29,110 the 354th Judicial District Court in and for Hunt County, Texas, Honorable Judge Richard A. Beacom, Jr., Presiding, now before the Sixth District Court of Appeals, and respectfully submits this its brief to the Sixth District Court of Appeals in support of the judgment of conviction and sentence in the court below.

## SUMMARY OF ARGUMENT

Appellant alleges a single point of error which the state will address as two separate claims of error by the trial court.

In his first point of error, Appellant claims that the trial court erred in denying his motion to suppress because the four corner of the search warrant affidavit failed allege sufficient facts and circumstances giving rise to probable cause. Appellant forms this argument around the theory that the victim named in the search warrant should be treated similarly to a confidential informant for purposes of examining the sufficiency of the search warrant affidavit. The victim, however, is not an anonymous or confidential informant and should not be treated as such. Jane Doe met face to face with members of law enforcement and explained is detail her activities and later her victimization at the hands of Appellant. She expected no *quid pro quo* for her information. Despite the fact that she was not well known to members of local law enforcement, she made no attempt to conceal her identity from them. After speaking with law enforcement, Jane Doe met with a member of the Northeast Texas Crisis Center and more fully explained the sexual assault against her. In addition, members of law enforcement were able to corroborate certain facts that Jane Doe offered to police. For these reasons, Jane Doe was certainly not a confidential or anonymous informant and her statements should be considered inherently reliable. Therefore, the statements of Jane Doe, coupled with other information provided in the affidavit provided the magistrate with the probable cause required

to believe that evidence of a crime would be found at the locations Detective White requested be searched.

In his second point of error, Appellant claims that the trial court erred by denying his motion to suppress on the grounds that the search warrant violated the tenants of Franks v. Delaware. Appellant fails in this argument for several reasons. First, Appellant does not show that a single statement in the search warrant affidavit were factually false. Secondly, Appellant's allegations leveled against Detective White amount to mere negligence on her part to not more fully investigate the allegations of Jane Doe before requesting a search warrant. Alleged negligence on the part of an affiant is insufficient to give rise to a Franks violation. Finally, Appellant also extends his Franks argument to allege deliberately false or reckless statements by Jane Doe. A Franks violation only occurs when the affiant herself makes a false statement in the search warrant affidavit. For these reasons, Appellant claim that the trial court erred in failing to find a Franks violation should be overruled.

## ARGUMENT

## I.

## DID THE AFFIDAVIT FOR SEARCH WARRANT ARTICULATE PROBABLE CAUSE WITHIN ITS FOUR CORNERS?

In his first point of error, Appellant alleges that the trial court erred in finding that probable cause existed within the four corners of the affidavit for

search warrant drafted by Detective Felicia White.

On December 7, 2012 Detective White swore out an affidavit to request that a search warrant be issued to search a motel room and a white two door vehicle for evidence of a sexual assault. The affidavit relies heavily upon a report drafted by Corporal Victor Petrea of the Greenville Police Department who spoke in person with Jane Doe 2012-26498 "Jane Doe." This name and number combination is identified in the search warrant affidavit as a pseudonym name. The affidavit describes Corporal Petrea's report in detail, including a detailed description that Jane Doe gave of her activities beginning at 10:00pm on December 6, 2012. Jane Doe informed Corporal Petrea that she met a man named Mark that evening and eventually was alone with him at a truck stop in Hunt County, Texas. Jane Doe described Mark as driving a white Saturn vehicle two door car with "suicide type doors." Jane Doe described that she and Mark drove to various places where Mark sold narcotics to individuals. Jane Doe alleged that at one point during their trip, Mark bound Jane Doe and assaulted her. Eventually, Mark drove the two of them to a Motel 6 in Greenville, Texas where he rented a room which Jane Doe recalled to be room 123. It was in this room that Jane Doe states that she was sexually assaulted for "several hours." Jane Doe described to Corporal a separate incident of sexual assault after the first one back in the same hotel room. After the second sexual assault, Mark drove the two of them around town and eventually, Jane Doe seized an opportunity to flee from the vehicle while they were stopped at a stop sign. Jane

7

Doe stated that she called a family friend who came and picked her up. Jane Doe stated that the friend took her to a local hospital and then to the Greenville Police Department.

The affidavit goes on to explain that Jane Doe was interviewed by Holly Robinson of the Northeast Texas Crisis Center. During this interview, Jane Doe more fully explained the sexual assaults against her including the manner and means that Appellant used to commit the assaults.

Detective White's affidavit further states that she spoke with Sergeant Steve Walden of the Greenville Police Department. Sgt. Walden informed Detective White that a Mark Engle had rented room number 123 at the Greenville, Texas Motel 6 on December 7, 2012 at 3:44a.m. In the parking lot of the Motel 6, there was a white 2000 year Saturn two door car which Affiant learned was registered to Mark Engle. When Detective White reviewed a criminal history report of Mark Engle, she learned that he had been arrested in the past for both possession and manufacturing or delivery of a controlled substance.

Based upon these facts and others as fully laid out in the affidavit, Detective White requested that a search warrant be issued for hotel room 123 and the white 2000 Saturn two door vehicle registered to Mark Engle for items utilized in the offense of Aggravated Sexual Assault. Specifically, Detective White listed bodily fluids, clothing items, wash cloths, syringes, methamphetamines, video cameras, cellular telephones, "SIM" cards for cellular

8

telephones, computers, and items utilized for bindings as being potential evidence in either the hotel room or the vehicle.

Based upon the affidavit, a district judge signed the search warrant at 6:28p.m. on December 7, 2012.

A request for a search warrant must be accompanied by a affidavit with sufficient information and detail showing probable cause that evidence will be found in the places requested to be searched or the things to be seized. Texas Code of Crim. Pro. Art. 18.01(b). The affidavit is to be reviewed in its totality using common sense, hyper technical rules of interpretation should be avoided. Brown v. State, 115 S.W.3d 633, 638 (Tex. App. Waco 2003, no pet.) *citing* Gibbs v. State, 819 S.W.2d 821, 830 (Tex.Crim.App.1991).

In many circumstances, the affiant requesting a search warrant will include in the affidavit the statements of private citizens who were witnesses or victims of the crimes giving rise to the warrant request. Courts have applied different standards to witness's information in a search warrant depending on whether the witness is a government informant or simply a citizen who provides information without any expectation of payment or preferential treatment. The information provided by an informant is not to be considered inherently reliable. Such statements must be buttressed with additional information within the four corners of the affidavit showing that the person providing the information is reliable. State v. Huddleston, 387 S.W.3d 33, 37 (Tex. App. Texarkana 2012, pet. ref'd). There are not set requirements that must be met in the affidavit to show the

9

reliability of an informant, rather the magistrate and reviewing courts must examine the totality of the circumstances provided in the affidavit. Hennessy v. State, 660 S.W.2d 87, 89-90 (Tex. Crim. App. 1983), *expressly following* Illinois v. Gates, 462 U.S. 213, 103 S.Ct. 2317, 76 L.Ed.2d 527 (1983).

In contrast, the statements of a citizen witness are considered inherently reliable and therefore a magistrate rely on such statements in and of themselves in determining probable cause. "The citizen-informer is presumed to speak with the voice of honesty and accuracy. The criminal snitch who is making a *quid pro quo* trade does not enjoy any such presumption; his motive is entirely self-serving." State v. Duarte, 389 S.W.3d 349, 357-58 (Tex. Crim. App. 2012). No evidence is required to "prove up" the reliability of a citizen witness.

> "Appellee alleges that the affidavit must contain some facts to show that the peace officers and other witnesses who provided affiant with the substantive information contained in the affidavit are credible. This argument is entirely without merit. While it is true that such facts must be included when the information contained in the affidavit is given by a confidential informant, as a matter of constitutional law an ordinary citizen as a witness in a case or a police officer is presumed to be reliable and no special showings are required."

Marquez v. State, 725 S.W.2d 217, 232 (Tex.Crim.App.1987).

It is no doubt for the reasons outlined above that Appellant attempts to cast Jane Doe an informant rather than a victim/witness of a crime. "Based on these

facts Jane Doe acted similar to a confidential informant." Appellant's Brief at 13. Unfortunately for Appellant, this is simply not true. The information provided in the affidavit clearly shows that Jane Doe was a witness/victim and not a confidential or anonymous informant. According to the four corners of the search warrant affidavit, Jane Doe was brought in person to the Greenville Police Department to report her sexual assault at the hands of a man named Mark. Jane Doe spoke with Corporal Victor Petrea at length regarding the facts and circumstances of her sexual assault. Jane Doe is described in the affidavit as being visibly upset. Though Jane Doe could not initially go into detail about her sexual assault, Jane Doe did give details of her assault to Holly Robinson of the Crisis Center of Northeast Texas. These details were recounted in the affidavit by Detective White.

Even though it is not required, Detective White did include pieces of information that validated several facts within Jane Doe's account. Jane Doe accurately described the white Saturn two door vehicle registered to Appellant. Jane Doe also accurately recalled the motel and specific room number which Appellant rented on December 7. Jane Doe described Mark as being a white male of forty years old. Appellant turned out to be a forty four year old white male. In addition, Jane Doe described Mark as being both a user of methamphetamine and a dealer. Detective White included in her affidavit that Appellant had arrests for both possession of a controlled substance, and manufacturing/delivery of a controlled substance.

11

Though Jane Doe was not known to the members of the Greenville Police Department, her identity was no secret. The affidavit does not state that Jane Doe requested or expected any special treatment or payment whatsoever for her statement. To the contrary, Jane Doe presented to the Greenville Police Department simply as a victim of a very violent, vicious crime. Under the facts outlined above, it is clear that Jane Doe is a citizen who's statement is to be considered inherently reliable.

Appellant additionally complains that Holly Robinson's credentials as the Executive Director of the Crisis Center of Northeast Texas were not fully developed in the affidavit. However Ms. Robinson was quite obviously a citizen witness and not a government informer in need of additional facts proving her credibility.

More inexplicably, Appellant complains that the sex acts perpetrated on Jane Doe were never expressly described as being against her consent. This ignores Corporal Petrea's report, after speaking directly in person with Jane Doe, which states that Jane Doe was "sexually assaulted" in the motel room by Mark. In addition, Holly Robinson repeated to Detective White that Jane Doe recounted her "sexual assault" as including penetration of her mouth, vagina and anus with Appellant's penis while she was restrained the entire time. These allegations are more than sufficient to show that the sexual acts done to Jane Doe were without her consent.

Based upon Jane Doe's status as a citizen witness/victim of crime, her

statements recounted in the affidavit are to be considered inherently reliable. As such, they require no additional facts establishing Jane Doe's reliability. Even so, Detective White included numerous facts in the affidavit verifying facts given to law enforcement by Jane Doe. With this in mind, Jane Doe's statements to law enforcement, coupled with the information by Holly Robinson are more than sufficient to establish probable cause that evidence of a sexual assault may be present in either the motel room 123 and/or Appellant's white Saturn two door vehicle. Therefore, the trial court did not err in overruling Appellant's motion to suppress the evidence based upon a lack of probable cause. As a result, Appellant's first point of error should be overruled.

## II.
## <u>DID THE AFFIANT COMMIT VIOLATIONS UNDER FRANKS V. DELAWARE REDURING THE SEARCH WARRANT AFFIDAVIT INSUFFICIENT TO ESTABLISH PROBABLE CAUSE?</u>

In his second point of error, Appellant complains that Detective White and other officers had a "reckless disregard for the truth" which resulted in a violation of the tenants of <u>Franks v. Delaware</u>.

The Supreme Court in <u>Franks</u> provided criminal defendants a method to challenge a search warrant if the affiant made knowingly false statements or included false statements with reckless disregard for whether the statements were true or not. *See generally,* <u>Franks v. Delaware</u>, 438 U.S. 154, 98 S.Ct. 2674 (1978). A defendant who desires to challenge a search warrant on these

grounds must make an initial showing that there exists specific statements within the statement that the affiant knew were false or had reckless disregard for their truthfulness. The defendant must support these allegations by way of affidavit or otherwise reliable statements. Finally, the defendant must show that without the complained of statements, probable cause would not exist within the remaining four corners of the affidavit. If a defendant can meet this initial showing, he will then be entitled to a hearing on the matter to fully investigate the matter and request that the judge omit the offending statements and decide whether probable cause exists. Franks, 438 U.S. at 171-72, 98 S.Ct. at 2684-85. Allegations amounting to mere negligence on the part of the affiant or law enforcement in checking facts provided to them or recording those facts will not justify a hearing or subsequent removing of the offending statements in the affidavit. Darcy v. State, 728 S.W.2d 772, 783 (Tex. Crim. App. 1988).

The alleged false statements complained of in a Franks hearing must be those of the affiant who requested the search warrant, not a third party witness or government informant. Hennessey v. State, 660 S.W.2d 87, 92 (Tex. Crim. App. 1983); Melton v. State, 750 S.W.2d 281, 284-85 (Tex. App. Waco 1988, no pet.).

Appellant complains that the affiant, Detective White, had a reckless disregard for the truth when she allegedly failed to investigate more fully the history and truthfulness of Jane Doe, who she did not know. He further complains that neither Detective White nor any other law enforcement officer was able to corroborate "anything from before the affidavit was made." Appellant's

14

brief at 14.

As a threshold matter, the State points out that though Appellant did not observe the formal steps outlined in <u>Franks v. Delaware</u> to be granted a hearing on the matter, the trial court nevertheless granted a hearing on Appellant's motion to suppress and heard evidence that would be conceivably relevant during a <u>Franks</u> hearing. Therefore, a *de facto* <u>Franks</u> hearing took place. Whether Appellant should have been granted such a hearing is immaterial, however, as his claim under <u>Franks</u> fails for several reasons.

First, the entire <u>Franks</u> line of cases rest on one basic assumption: that the complained of statement in the affidavit is actually false. Though this need only be proved by a preponderance of the evidence, it must still be shown by the defendant.

"In the event that at that hearing the allegation of perjury or reckless disregard is established by the defendant by a preponderance of the evidence, and, with **the affidavit's false material set to one side**, the affidavit's remaining content is insufficient to establish probable cause, the search warrant must be voided and the fruits of the search excluded to the same extent as if probable cause was lacking on the face of the affidavit."

<u>Franks</u>, 438 U.S. at 156, 98 S.Ct. at 2676. Appellant in this case complains that Detective White and her law enforcement colleagues were reckless in that they did not more fully investigate the claims of Jane Doe.

Appellant has not, however, made a claim that any statement in the search warrant affidavit was factually false. Without such a claim with support in the record, Appellant's second point of error should be overruled.

The second reason that Appellant's Franks argument should fail is that Appellant seems to be alleging that Detective White was negligent in failing to check more of the facts given to her by Jane Doe through law enforcement. As stated above, such allegations of negligence do not give rise to a Franks violation. Darcy, *supra*, 728 S.W.2d at 782 – 83.

The nature of Appellant's Franks argument appears to be an attempt to attack the veracity of Jane Doe and not Detective White. If this is true, it belies the third reason Appellant's Franks argument should be overruled. As stated above, the alleged false statements subject to a Franks hearing must be those of the affiant, not a third party witness or informant. Hennessey, *supra*, 660 S.W.2d at 82.

For at least the three reasons outlined above, Appellant's point of error under Franks v. Delaware should be overruled.

## PRAYER

Appellant's trial was without prejudicial or fundamental error. The State prays that Appellant's conviction and sentence be affirmed.

Respectfully submitted,

**NOBLE D. WALKER, JR.**
District Attorney
Hunt County, Texas

**STEVEN LILLEY**
Assistant District Attorney
P.O. Box 441
4th Floor Hunt County Courthouse
Greenville, TX 75403
State Bar No. 24046293
(903) 408-4180
FAX (903) 408-4296

## CERTIFICATE OF SERVICE

A true copy of the State's brief has been delivered to Appellant, Jason Duff, on October 2, 2015.

STEVE LILLEY
Assistant District Attorney

# CERTIFICATE OF COMPLIANCE OF TYPEFACE AND WORD COUNT

In accordance with Texas Rules of Appellate Procedure 9.4 (e) and (i), the undersigned attorney of record certifies that Appellees Brief contains 13-point typeface of the body of the brief, 2,967 words, excluding those words identified as not being counted in appellate rule of procedure 9.4(i)(1), and was prepared on Microsoft Word 2007.

_____
Steven Lilley
Attorney for the State